UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY MCCLELLAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. LOZANO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-01120 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE ACTION WITHOUT PREJUDICE |

Gregory McClellan seeks to proceed pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983, asserting the defendants violated his civil rights on August 17, 2009. (Docs. 1, 2) The Court finds Plaintiff is unable to state a claim upon which relief may be granted, as his claims are barred by the applicable statute of limitations. Therefore, the Court recommends Plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint **DISMISSED** without prejudice.

**I.     Background**

Plaintiff alleges that he was on parole on August 17, 2009, when he had an encounter with parole officer Sean Lozano, and Bakersfield police officers Louis Wood and Kenneth Perkins. (Doc. 1 at 1-2) According to Plaintiff, Lozano "slammed Plaintiff face first into the street island pavement and Plaintiff suffered three fractured vertebrae in his lumbar region." (*Id.*) Plaintiff alleges that Wood and Perkins kneed him in the back and twisted his arms. (*Id.* at 2) He asserts the defendants "did not summon medical attention despite Plaintiff bleeding profusely from his nose and having a road rash."

1

(*Id.*) Based upon these facts, Plaintiff seeks to state claims for violations of his rights arising under the Fourth and Fourteenth Amendments. (*Id.* at 4-8)

Plaintiff previously filed a complaint related to these events on March 4, 2010, thereby initiating Case No. 1:10-cv-0386-LJO-MJS.[1] (*See* Doc. 1 at 2, n.1) The Court granted his request to proceed *in forma pauperis* ("IFP") on June 15, 2010. (Case No. 1:10-cv-0386-LJO-MJS, Doc. 4) He filed amended complaints on July 25, 2011, and February 1, 2012 (Case No. 1:10-cv-0386, Docs. 8 and 11). The Court screened the allegations made by Plaintiff on August 21, 2012, and dismissed the complaint with leave to amend. (Case No. 1:10-cv-0386, Doc. 12) Plaintiff filed his third amended complaint on September 17, 2012 (Case No. 1:10-cv-0386, Doc. 13), and the Court determined on September 30, 2013, that Plaintiff stated a cognizable excessive force claim "against Defendants Lozano, Wood, and Perkins arising out of Plaintiff's arrest." (Case No. 1:10-cv-0386, Doc. 14 at 17) Plaintiff filed a fourth amended complaint on March 17, 2014, which ultimately became the operative pleading in the action. (*See* Case No. 1:10-cv-0386, Docs. 21 and 25)

In May 2015, Lozano filed a motion for the revocation of Plaintiff's status to proceed *in forma pauperis* ("IFP"), asserting Plaintiff had "filed multiple federal civil actions without merit, three of which have been dismissed for failure to state a claim upon which relief may be granted." (Case No. 1:10-cv-0386, Doc. 83 at 1) On September 28, 2015, the Court granted the motion and revoked Plaintiff's IFP status and directed Plaintiff to pay the filing fee within twenty-one days. (Case No. 1:10-cv-0386, Doc. 124 at 4) Instead, Plaintiff filed another motion to proceed IFP, which was denied by the Court on January 15, 2016. (Case No. 1:10-cv-0386, Docs. 128 and 141) Plaintiff appealed this decision, which was affirmed by the Ninth Circuit on August 15, 2017. (Case No. 1:10-cv-0386, Doc. 154) Therefore, the Court ordered Plaintiff to pay the filing fee. (Case No. 1:10-cv-0386, Doc. 156) However, Plaintiff failed to do so, and the action was dismissed without prejudice on October 5, 2017. (Case No. 1:10-cv-0386, Doc. 160)

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of a court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980). Therefore, judicial notice is taken of the Court's docket and the documents filed in Case No. 1:10-cv-0386-LJO-MJS.

Plaintiff filed an appeal regarding the dismissal with the Ninth Circuit, which dismissed the appeal on February 27, 2018. (Case No. 1:10-cv-0386, Doc. 170)

## II.     Proceeding *in forma pauperis*

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed IFP be denied because, as discussed below, the claim presented is time-barred. *See, e.g. Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit"); *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

## III.     Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

## IV. Pleading Standards

The Federal Rules of Civil Procedure set forth the applicable standards for pleading complaints. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

///

## V. Timeliness of Section 1983 Claims

### A. Statute of Limitations

Section 1983 creates a federal cause of action, but it does not provide a specific statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Instead, Section 1983 borrows the limitation period and the rules governing tolling from the forum state. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009); *see Wilson v. Garcia*, 471 U.S. 261, 266 (1985). Thus, the Court must look to the stature of limitations of the state of California. *See id.*

The statute of limitations for personal injury claims applies to claims brought under Section 1983 in California. *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012); *Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). California's limitation period for personal injury actions is two years. Cal. Code Civ. Proc. § 335.1; *Pouncil*, 704 F.3d at 573.

### B. Accrual

Federal law governs the accrual of the cause of action. *Douglas*, 567 F.3d at 1109 (citing *Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000)). "Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief." *Pouncil*, 704 F.3d at 573-574 (citing *Wallace*, 549 U.S. at 387). In other words, a claim accrues when the plaintiff "knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). Consequently, in general, an action accrues on the date of the injury to the plaintiff. *Pouncil,* 704 F.3d at 574.

### C. Tolling

The two-year statute of limitations period is tolled for up to two years if the plaintiff is a prisoner serving a term of less than life, thus effectively giving such prisoners up to four years to file a federal suit. *See* Cal. Civ. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's equitable tolling rules if they are not inconsistent with federal law).

## VI. Discussion and Analysis

Plaintiff's complaint in this action relates to an incident on August 17, 2009. (Doc. 1 at 1-2) Because Plaintiff knew of the injury suffered at that time, his cause of action for violations of his civil rights accrued on that date. Absent tolling, either by statute or equitably, the statute of limitations on

Plaintiff's claims expired on August 17, 2011. Thus, the Court must determine whether the claims were tolled or whether the claims are barred by the applicable statute of limitations.

### A. Statutory Tolling

Plaintiff was released from prison at some point prior to October 13, 2015. (Case No. 1:10-cv-0386, Doc. 128 at 1) Thus, it appears he was serving a sentence that was less than life, and his claims were subject to a two-year tolling period. *See* Cal. Civ. Proc. Code § 352.1(a); *Pedroza v. Pham,* 2014 WL 1389426, at *3 (N.D. Cal. Apr. 9, 2014) ("imprisonment delays the accrual of the cause of action for a maximum of two years"). With the tolling, Plaintiff was obligated to file suit no later than August 17, 2013.

### A. Tolling for the Prior Lawsuit

"California treats an action dismissed without prejudice as if 'no action has been brought,' unless a statute specifies otherwise." *Morris v. Travis*, 2015 WL 8641282, at *2 (N.D. Cal. Dec. 14, 2015) (quoting *Wood v. Elling Corp.*, 20 Cal. 3d 353, 359 (1977)); *see also Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959) (voluntary dismissal without prejudice "leaves the situation the same as if the suit had never been brought in the first place"); *Spannaus v. U.S. Dept. of Justice*, 643 F. Supp. 698, 703 (D.D.C. 1986), *aff'd.,* 824 F.2d 52 (1987) ("the dismissal without prejudice did not affect the running of the statute"). Consequently, the Court finds the action initiated by Plaintiff in 2010—and addressing the same Section 1983 claims—does not require a tolling of the statute of limitations.

### C. Equitable Tolling

Federal courts apply state equitable tolling doctrine to toll the limitation period with Section 1983 claims. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1139-1142 (9th Cir. 2001) (examining the Ninth Circuit's application of California's equitable tolling doctrine, and citing *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993)). Under California law, the statute of limitations may be equitably tolled where a plaintiff "spent pursuing a remedy in another forum (such as state court) before filing the claim in federal court." *Morris*, 2015 WL 8641282, at *2 (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993)); *see also Addison v. California*, 21 Cal. 3d 313, 317 (1978) (equitable tolling "reliev[es] plaintiff from the bar of a limitations statute

when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage").

Under California's "definitive three-pronged test for invocation" of the equitable tolling doctrine, a "plaintiff's pursuit of a remedy in another forum equitably tolls the limitations period if the plaintiff's actions satisfy these factors: 1) timely notice to the defendants in filing the first claim; 2) lack of prejudice to the defendants in gathering evidence for the second claim; and 3) good faith and reasonable conduct in filing the second claim." *Cervantes*, 5 F.3d at 1275 (quoting *Loehr v. Ventura Cty. Cmty. Coll. Dist.*, 147 Cal.App.3d 1071, 1085 (1983), and citing *Donoghue v. Orange County*, 848 F.2d 926, 931 (9th Cir. 1987) and *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983)). The plaintiff has the burden of alleging facts sufficient to determine equitable tolling should be applied. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993).

Plaintiff pursued only remedies in the same forum—the Eastern District of California—and as such the statute of limitations may not be tolled on these grounds. *See Martell v. Antelope Valley Hosp. Med. Ctr.*, 67 Cal. App. 4th 978, 985 (1998) ("Under equitable tolling, the statute of limitations in one forum is tolled as a claim is being pursued in another forum. Here, however, appellants pursued successive claims in the same forum, and therefore equitable tolling did not apply") (internal citations omitted); *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1018 (C.D. Cal. 2011) (observing that "[w]here plaintiffs pursue successive claims in the same forum, the California Court of Appeal has squarely held that equitable tolling does not apply," and holding equitable tolling did not apply under California law where the plaintiffs filed a prior federal court action asserting the same claims).

## VII. Findings and Recommendations

Plaintiff's claims in this action are barred by the applicable statute of limitations, and neither statutory nor equitable tolling apply. Thus, granting Plaintiff leave to amend would be futile. *See Lopez*, 203 F.3d at 1130; *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court **RECOMMENDS**:

  1. Plaintiff's motion to proceed *in forma pauperis* be **DENIED**;

  2. Plaintiffs complaint be **DISMISSED** without prejudice; and

3. The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **August 29, 2018**          **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE